# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SHIRLEY BORING,<br><br>    Plaintiff,<br><br>    v.<br><br>WORLD GYM - BISHOP, INC., AL PHILLIPS, Individually, and BARBARA PHILLIPS, Individually,<br><br>    Defendants. | No. 06 C 3260<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Defendants World Gym – Bishop, Inc., et al. ("World Gym") seek dismissal under Fed.R.Civ.P. 12(b)(6) of all three counts of Plaintiff Shirley Boring's second amended complaint alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.*, retaliatory wrongful discharge, and intentional infliction of emotional distress. For the reasons stated below, World Gym's motion is denied.

## I. FACTS

Boring was diagnosed with an inoperable brain tumor and advanced gastric reflux disease some time before 2004. Because of her conditions, Boring claims that on occasion she had difficulty eating and breathing. As a result, she sometimes choked on her food, and required the use of an oxygen tank at the workplace. During Boring's four-year employment with World Gym, World Gym was aware of her condition.

At one point during Boring's employment, she reported some accounting discrepancies to Defendant Al Phillips ("Mr. Phillips"), the co-owner of World Gym along with Defendant Barbara Phillips ("Ms. Phillips"), and alleged that Ms. Phillips was stealing from World Gym.

After this notification, Boring claims that Ms. Phillips made antagonistic comments to her on different occasions, utilizing derogatory and threatening language and obscenities such as, "watch your back, bitch" and "aren't you dead yet from that brain tumor, bitch."

Boring claims Mr. Phillips also made hostile comments to her during her employment with World Gym. For several months, he made statements to the effect that he held "sick people" in very low regard and insinuated that, "If [Boring] were a horse, they would shoot [her]." Boring claims that both Mr. and Ms. Phillips' comments caused her to fear for her life, health, and welfare. World Gym discharged Boring on August 14, 2004.

## II. DISCUSSION

### A. Standard

World Gym moves to dismiss Boring's claims pursuant to Fed.R.Civ.P 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a claim, not the merits of the case. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). I should grant World Gym's motion only if Boring cannot prove any set of facts in support of her claim that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In reviewing World Gym's motion, I must construe all allegations in the claims in the light most favorable to Boring and accept all well-pleaded facts and allegations as true. *See Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993).

Employment discrimination complaints do not need to contain specific facts establishing a prima facie case of discrimination. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002). To withstand a motion to dismiss for failure to state a claim, the complaint only needs to outline the statutory or constitutional violation the plaintiff relies upon, and connect that violation to the

2

named defendants. *Brownlee v. Conine*, 957 F.2d 353, 354 (7th Cir. 1992). This fulfills the requirement that the "allegations suffice to put the defendants on notice of the plaintiffs' grievance." *Christensen v. County of Boone*, No. 04-4162, 2007 WL 841097, at *7 (7th Cir. Mar. 21, 2007). This notice pleading standard under Rule 8(a) also applies to pendant state law claims. *Id.* at *2.

**B. The ADA**

Boring's complaint contains short and plain statements of her ADA violation allegations, which gives World Gym proper notice of her grievance. However, World Gym argues that Boring has not alleged a disability under the ADA. The ADA prohibits discrimination "against a qualified individual with a disability because of the disability of such individual." 42 U.S.C. § 12112(a). "Disability" with respect to an individual is defined in three ways: (A) "physical or mental impairment that substantially limits one or more of the major life activities of such individual;" (B) "a record of such an impairment;" or (C) "being regarded as having such an impairment." 42 U.S.C. § 12102(2). Boring claims she meets all three definitions. The EEOC defines three elements associated with having a "disability," which provide guidance for interpreting the ADA's usage of the term. *See Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 475 (1999). Those three elements are: 1) "physical or mental impairment," 2) "major life activities," and 3) "substantially limits." 29 C.F.R. § 1630.2(g)-(j). "Physical impairment" includes "[a]ny physiological disorder, or condition . . . affecting one or more of the following body systems: neurological, musculoskeletal . . . respiratory . . . digestive." 29 C.F.R.§ 1630.2(h)(1). "Major life activity" means "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. §

1630.2(i). "Substantially limits" means "[s]ignificantly restricted as to the manner or duration under which an individual can perform a particular major life activity" compared to an average person in the general population performing the same major life activity. 29 C.F.R. § 1630.2(j)(1)(ii).

Boring claims that she suffers from a physiological disorder affecting her neurological, respiratory, and digestive systems. Furthermore, she alleges that a number of her major life activities were substantially limited, including eating, swallowing, seeing, concentrating, thinking, and working. In contrast to the petitioners in *Sutton*, who did not sufficiently plead a disability because corrective measures to their vision pushed them outside the auspices of the ADA, 527 U.S. at 488-89, Boring may still be considered substantially limited in a major life activity. Because of these claims, and the fact that Boring also claims a record of her medical condition, Boring meets the thresholds established by 42 U.S.C. §§ 12102(2)(A) and (B).

In addition, Boring has properly pleaded a violation of 42 U.S.C. § 12102(2)(C), which requires that "a covered entity entertain misperceptions about the individual." *Sutton*, 527 U.S. at 489. She alleged that World Gym "mistakenly believed that plaintiff had an impairment that substantially limited a major life activity."

## C. Retaliatory Discharge

Next, World Gym argues that Count II should be dismissed because Boring failed to allege a violation of a specific public policy. For a claim of retaliatory discharge, "a plaintiff must allege 'that [she] was discharged in retaliation for [her] activities and that [her] discharge violates a clear mandate of public policy.'" *Carty v. Suter Co., Inc.*, 863 N.E.2d 771, 774 (Ill.App. Ct. 2007) (*quoting Barr v. Kelso-Burnett Co.*, 478 N.E.2d 1354, 1358 (Ill. 1985)).

Boring indicates that a public policy may have been violated by her discharge from World Gym. Specifically, her discharge may implicate "the exposure of violations of the [Criminal] Code." *Barr*, 478 N.E.2d at 1356. The employee in *Palmateer* was wrongfully discharged after reporting a co-employee's possible criminal conduct to law enforcement agents. *Palmateer v. International Harvester Co.*, 421 N.E.2d 876, 880 (Ill. 1981). Boring alleges that she was discharged because she disclosed to Mr. Phillips that Ms. Phillips was stealing from the company. Although *Palmateer* dealt with reporting a crime to law enforcement, it is possible that Boring could show that her situation also fits under that public policy.

**D. Intentional Infliction of Emotional Distress**

Finally, World Gym argues that Boring did not plead facts specific enough to support her third claim, intentional infliction of emotional distress. However, given Rule 8(a)'s liberal pleading standards, as already discussed, Boring's allegations are sufficient to deny a motion to dismiss on this count. In *Christensen*, the district court applied Illinois' fact-pleading requirements in dismissing the plaintiff's claim of intentional infliction of emotional distress. The Seventh Circuit rejected this approach, stating: "Rule 8 does not require plaintiffs to plead the 'elements' of legal theories, or facts corresponding to each element." *Christensen*, 2007 WL 841097, at *8. The Seventh Circuit determined that Rule 8's pleading requirement was satisfied because the plaintiff's factual allegations "described the principal events giving rise to the suit and attached them to a right of action cognizable under state law." *Id.* at *9. Similarly, Boring has alleged the principal events giving rise to her claim of intentional infliction of emotional distress – the Phillips' comments – and has attached them to a recognized right of action.

5

**CONCLUSION**

For the foregoing reasons World Gym's motion to dismiss is denied.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: May 14, 2007