# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

SHIRLEY BORING,

    Plaintiffs,

    v.

WORLD GYM - BISHOP, INC., AL PHILLIPS, Individually, and BARBARA PHILLIPS, Individually,

    Defendants.

No. 06 C 3260
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Shirley Boring sues World Gym – Bishop, Inc., Al Phillips, and Barbara Phillips (collectively "World Gym") for discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 § 12101 et. seq. (Count I), wrongful and retaliatory discharge (Count II), intentional infliction of emotional distress ("IIED") (Count III), violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq. (Count IV), willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. (Count V), and liquidated damages (Count VI). World Gym has moved to dismiss Counts II and III of Boring's Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). World Gym argues that the state law claims in Counts II and III should be dismissed for lack of subject matter jurisdiction because they are preempted by the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101 et seq. [1]

---

[1] In summary fashion, Boring argues in her response that World Gym waived its IHRA preemption argument in their three prior motions to dismiss the First and Second Amended Complaints. However, the law is clear that subject matter jurisdiction cannot be waived and may be contested by a party or raised sua sponte at any point in the proceedings. Levin v. Attorney Registration and Disciplinary Com'n of Supreme Court of Illinois, 74 F.3d 763, 766 (7th Cir. 1996). A court always has jurisdiction to decide its own jurisdiction. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 (1998). Thus, World Gym properly raises the issue here.

I.    BACKGROUND

The following facts are taken from Boring's third amended complaint. World Gym is an Illinois corporation where Boring was employed most recently as Accounts Payable Secretary. Al and Barbara Phillips are co-owners of World Gym. Sometime before 2004, Boring was diagnosed with an inoperable brain tumor and advanced gastric reflux disease. Because of her conditions, Boring claims that on occasion she had difficulty eating and breathing. As a result, she had sometimes choked on her food, and required the use of an oxygen tank at the workplace to help her breathe. During Boring's four-year employment with World Gym, World Gym was aware of her condition.

Sometime during her employment, Boring reported and complained of some accounting discrepancies at World Gym to Defendant Al Phillips ("Mr. Phillips"), alleging that Defendant Barbara Phillips ("Ms. Phillips") was responsible for stealing the money. After notifying Mr. Phillips of this impropriety, Boring claims that Ms. Phillips began making antagonistic comments to her on several occasions, utilizing derogatory and threatening language and telling Boring, "watch your back bitch" and "watch your house and car." Boring further claims that Ms. Phillips left her phone messages stating "aren't you dead yet from that brain tumor, bitch."

Boring also claims that Mr. Phillips made derogatory statements to her during her employment with World Gym. Boring told Mr. Phillips on multiple occasions that she had doctor's appointments to treat her brain cancer. Over the course of several months, whenever Boring would tell Mr. Phillips about her appointments and need for medical treatment, Mr. Phillips would tell Boring, "I have no sympathy for sick people" and "if you were a horse, they would shoot you." World Gym discharged Boring on August 14, 2004.

## II. LEGAL STANDARD

World Gym moves to dismiss Counts II and III pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of federal subject matter jurisdiction. Ensuring the existence of subject matter jurisdiction is the court's first duty in every lawsuit. *McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005). In considering this motion, I must accept Boring's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in Boring's favor. *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007).

## III. DISCUSSION

Boring alleges two tort claims against World Gym: (1) wrongful and retaliatory discharge (Count II) and (2) IIED (Count III). World Gym asserts that these claims must be dismissed as preempted by the Illinois Human Rights Act ("IHRA"), which provides a comprehensive scheme of remedies and administrative procedures to redress human rights violations. 775 ILCS 5/1-101 et. seq.; *see Talley v. Washington Inventory Service*, 37 F.3d 310, 311 (7th Cir. 1994). Claims under the IHRA fall within the exclusive jurisdiction of the Illinois Human Rights Commission. 775 ILCS 5/8-111(C) (stating that "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act.") The IHRA preempts all state tort claims that are "inextricably linked" to a civil rights violation within the meaning of the statute. *Krocka v. City of Chicago*, 203 F.3d 507, 516-17 (7th Cir. 2000). Discrimination based on a disability is a civil rights violation prohibited by the IHRA. 775 ILCS 5/1-103(I). Thus, this court lacks subject matter jurisdiction over state tort claims inextricably linked to allegations of disability discrimination. *Luttrell v. Certified Grocers Midwest, Inc.*, 2003 WL 22844239, at *5 (N.D.Ill.

Dec. 1, 2003) (*quoting Quantock v. Shared Marketing Services, Inc.* 312 F.3d 899, 905 (7th Cir. 2002) (internal quotations omitted)).

However, a common law tort claim is not inextricably linked with a civil rights violation where a plaintiff pleads the necessary elements of the tort claim independent of any legal duties furnished by the IHRA. *Maksimovic v. Tsogalis*, 687 N.E.2d 21, 24 (Ill. 1997) (clarifying the issue of IHRA preemption first addressed by the Supreme Court of Illinois in *Geise v. Phoenix Co. of Chicago, Inc.*, 639 N.E.2d 1273 (Ill. 1994)); *Bruce v. South Stickney Sanitary Dist.*, 2001 WL 789225, at *3 (N.D.Ill. Jul. 12, 2001) (adopting *Maksimovic* test); *Naeem v. McKesson Drug Co.*, 444 F.3d 593, 604 (7th Cir. 2006) (same). In such a case, the plaintiff has established a basis for imposing liability on the defendant independent of any statutory cause of action arising under the IHRA. *Maksimovic*, 687 N.E.2d at 24

### A. Wrongful and Retaliatory Discharge

Boring argues that her wrongful and retaliatory discharge claim (Count II) does not involve any legal rights encompassed by the IHRA. She alleges that her discharge was in retaliation for her report that a theft was occurring and that her retaliatory discharge contravenes the public policy that encourages citizen crime fighters. World Gym latches on to the part of Count II that alleges a phone message left for Boring by Ms. Phillips, in which Ms. Phillips said "aren't you dead yet from that brain tumor, bitch." World Gym argues that because Boring includes an allegation related to her medical condition in this section of her complaint, then Boring must be alleging that her termination was motivated by the alleged animus toward that medical condition.

While there may very well be a connection between Boring's medical condition and World Gym's motivation in firing her, the two are not linked "inextricably" such that the wrongful and retaliatory discharge claim would not exist but for the IHRA. Instead, Boring alleges an independent basis for the firing apart from the Act, namely her discovery of the alleged accounting discrepancies and her reporting those findings, implicating Ms. Phillips, to Mr. Phillips. To the extent that Boring has alleged the elements of the tort of wrongful and retaliatory discharge without reference to her disability, she has established a basis for imposing liability on World Gym independent of the Act. *See Maksimovic*, 687 N.E.2d at 23. Therefore, World Gym's motion to dismiss Count II is denied.

**B.     IIED**

In Count III, besides the conclusory allegations that plead the elements of IIED, Boring alleges World Gym committed IIED when Mr. Phillips' made abusive comments every time she had a doctor's appointment, knowing that Boring was particularly susceptible. Although IIED claims are not categorically preempted by IHRA, the allegations here solely include conduct that is inextricably linked with Boring's ADA and FMLA claims. *Naeem*, 444 F. 3d at 603, n.4 (reviewing various federal district court applications of *Maksimovic* and inconsistent results regarding preemption). Boring's IIED theory sounds primarily in disability discrimination, and that discrimination is the "core" of her theory. *Smith v. Chicago Sch. Reform Bd.*, 165 F.3d 1142, 1151 (7th Cir. 1999) (finding preemption where racial discrimination was not merely incidental to the claim of IIED but rather the core of plaintiff's theory). Because Boring's IIED claim is inextricably linked to her allegations of disability discrimination, it is preempted by the IHRA. *See Stansberry v. Uhlich Children's Home*, 264 F.Supp.2d 681, 690 (N.D.Ill. May 21,

2003) (IIED claims barred by IHRA where they were inextricably linked to Title VII claims); *Harrington-Grant v. Loomis, Fargo & Co.*, 2002 WL 47152, at *5 (N.D.Ill. Jan. 11, 2002) (IIED claims barred by IHRA where they were inextricably linked to Title VII and FMLA claims). Therefore, World Gym's motion to dismiss Count III is granted.

For the reasons above, World Gym's Motion to Dismiss Boring's Third Amended Complaint is denied in part and granted in part. With respect to Count II, the motion is DENIED. With respect to Count III, the motion is GRANTED.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: February 13, 2008